People v Adames (2024 NY Slip Op 02605)

People v Adames

2024 NY Slip Op 02605

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Kern, J.P., Oing, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 1190/17 Appeal No. 2241 Case No. 2019-3212 

[*1]The People of the State of New York, Respondent,
v
Robert Adames, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Clara Hammond-Oakley of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Judgment, Supreme Court, New York County (Kevin McGrath, J., at plea; Curtis J. Farber, J., at sentencing), rendered March 19, 2018, convicting defendant of burglary in the second degree as a sexually motivated felony, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously modified, on the law, to the extent of vacating so much of the judgment as certified defendant a sex offender, required him to register under the Sex Offender Registration Act (Correction Law art 6-C), and imposed a sex offender registration fee, and otherwise affirmed.
As the People concede, burglary in the second degree as a sexually motivated felony is not a registerable sex offense under SORA (see People v Simmons, 203 AD3d 106, 111 [1st Dept 2022], lv denied 38 NY3d 1035 [2022]). As the People also concede, absent conviction of a registrable offense, the sex offender registration fee should be vacated and remitted (see Penal Law § 60.35[1][a][iv]). We therefore modify the judgment as indicated.
We find that the supplemental sex offender victim fee was properly imposed because defendant was convicted of an offense contained in article 130 of the Penal Law (see Penal Law §§ 60.35[1][b]; 130.91).
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024